## Baker v. Valentine, et al.

(Decided November 30, 1926.)

### Appeal from Logan Circuit Court.

1. Bills and Notes—Notice of Dishonor of Note Must be Given Every Indorser (Kentucky Statutes, Section 3720b-89).—Under Kentucky Statutes, section 3720b-89, notice of dishonor must be given to every indorser of negotiable instrument, whether for accommodation or otherwise.

2. Bills and Notes—Notice of Dishonor of Negotiable Instrument May be Waived (Negotiable Instruments Act, Kentucky Statutes, Section 3720b-109).—Notice of dishonor of negotiable instrument may be waived in view of Negotiable Instruments Act (Kentucky Statutes, section 3720b-109).

3. Bills and Notes—Waiver of Notice of Dishonor of Negotiable Instrument Must be Clearly Established.—Waiver of notice of dishonor of negotiable instrument must be established by clear and satisfactory proof.

4. Bills and Notes—Evidence Held Insufficient to Show Waiver of Notice of Dishonor of Notes by Payee.—Evidence that payee acknowledged liability on notes held not sufficiently clear to constitute waiver of notice of dishonor.

5. Bills and Notes—Indorser of Overdue Note is Liable Thereon After Holder's Demand from Maker and Notice to Endorser of Maker's Failure to Pay.—Where overdue note is indorsed by payee and transferred, it is, as to indorser, placed on footing of bill of exchange payable on demand, and indorser is liable on averment and proof of holder's demand from maker and notice to indorser of maker's failure to pay.

6. Bills and Notes—Transferee of Overdue Note Must Present it for Payment Within "Reasonable Time," and if Dishonored Give Notice to Indorser.—Transferee of overdue note must present it for payment within "reasonable time," which is such period as will enable him in exercise of reasonable diligence to present it; and if it be dishonored he must give notice thereof to indorser, otherwise indorser is released from liability.

COLEMAN TAYLOR for appellant.

O. M. SMITH for appellees.

Opinion of the Court by Judge Sampson—Affirming in part and reversing in part.

Appellant, Baker, sold a tract of land in Logan county to S. S. Long for $5,500.00, of which sum $2,000.00 was paid in cash, the balance being evidenced by three notes, two for $1,000.00 each, and one for $1,500.00, due and payable December 1, 1920, December 1, 1921, and December 1, 1922, respectively, with interest, a lien being retained on the property to secure the payment of the notes.

Baker held the notes for some time and then sold and transferred them to others. One of these transactions was between him and appellee, Valentine. Baker purchased land from Valentine, paid him some money, transferred to him the $1,500.00 Long note and gave his own personal note for the balance, Valentine retaining a lien to secure the payment of the balance of the purchase price. Another one of the notes was transferred to Mrs. Herndon. In transferring the notes Baker indorsed them, but it seems that appellee, Mrs. Herndon, and appellee, Valentine, took the notes so indorsed after they were due. Suit was instituted on the notes by Valentine and Mrs. Herndon against S. S. Long, the maker of the notes, and appellant Baker and A. G. Wilhein. The lower court adjudged the liens of Valentine and Mrs. Herndon of equal dignity and enforced the same against the lands, directing the lands be sold and the proceeds, or a sufficiency thereof, to pay the notes held by Valentine and Mrs. Herndon, be appropriated to that purpose. The court also adjudged Valentine entitled to a lien on the land which he transferred to Baker, and also adjudged that both Mrs. Herndon and Valentine have a recovery of the balance due after the proceeds of the sale of the lands were exhausted, if that should happen, against appellant, Baker, on his indorsement of the notes, and it is of this part of the judgment that Baker complains.

In defense of the suit on the notes Baker pleaded that the holders of the indorsed notes had not presented them in due course for payment, nor served him with notice of dishonor, if they were dishonored, and that he for that reason was released from obligation. In reply to that plea appellees averred that Baker had by his acts and conduct waived presentment and of notice of dishonor. Our statutes, section 3720b 89, provide:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

Construing this section we have held that notice of dishonor must be given to every indorser, whether for accommodation or otherwise. First National Bank v. Bickel, 154 Ky. 8; Grayson County Bank v. Elbert, et al., 143 Ky. 750. As contended by appellees, notice of dishonor may be waived, and subsection 109 of our negotiable instrument law provides:

"Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied."

In the case of Doherty v. First National Bank, 170 Ky. 810, it was held that notice of dishonor may be expressly or impliedly waived before or after time of notice. The statute also provides that where waiver of notice is embodied in the instrument, it is binding upon all concerned, but that where waiver is written above the name of the indorser only it binds only the indorser.

In the case of Mechanics' & Farmers' Savings Bank v. Katterjohn, 137 Ky. 427, we adopted the rule that a waiver of notice of dishonor of a negotiable instrument must be established by clear and satisfactory proof. Adopting the rule of the Massachusetts court in Glidden v. Chamberlin, 167 Mass. 486, we quoted with approval the reasons set forth in the opinion in part as follows:

"Unqualified admission of liability, or a direct promise to pay which imports such admission, is evidence of the most satisfactory kind. Evidence of circumstances or of conversations which are equivocal in their character and which do not import a clear admission of liability, or amount to a distinct promise to pay, and which are consistent with the view that the indorser was merely seeking to avoid or postpone a suit against himself are not satisfactory

evidence either to prove actual notice or to re-establish the indorser's liability after it has ceased for want of demand or notice.''

In the Katterjohn case we held that the indorser did not make a promise to pay and did not acknowledge his liability on the note, but we said, ''His promise to renew was not an admission of liability, for he may have been willing to renew and not to pay.''

In the instant case Baker, the indorser, is shown by the evidence of Mrs. Herndon, Valentine and Long, to have insisted upon more than one occasion that the land for which the notes were given, if sold at the time the notes became due, would not bring enough money with which to pay the indebtedness, and advised Long to continue to pay the interest on the notes and to carry the notes until the price of land in that vicinity became normal and the sale of the lands would realize more money if not enough to pay the full amount of the notes, and this information was by Long communicated to both Valentine and Mrs. Herndon, the holders of the notes. It does not, however, appear that appellant Baker authorized Long to communicate his advice or wishes to the holders of the indorsed notes. Nor does it appear that appellant Baker said anything of the kind to either of the holders of the notes, although he did talk to them about the notes and did say to them, in substance, that prices of land in that vicinity at that time were low and that a sale of the land would not realize enough money to satisfy the notes, but that if the sale of the land was postponed he believed lands would bring more money. He made no direct promise to pay the notes to either of the holders thereof, nor did he even offer to renew the notes. From this evidence it does not clearly appear that Baker acknowledged liability on the notes. Certainly the proof was not clear and distinct upon that point. There was no unqualified admission of liability as required by our rule.

Appellees insist that the notes were past due at the time appellant, Baker, indorsed them and transferred them for value to appellees, and for this reason he cannot avoid liability because he had knowledge of the failure of the payer to take up the notes and was, therefore, aware of their dishonor and cannot require notice of that fact. The rule seems to be well established that where an overdue note is indorsed by the payee and transferred

it is as to the indorser placed upon the footing of a bill of exchange, payable on demand and the indorser is liable upon averment and proof of demand from the maker, and notice to the indorsers of the maker's failure to pay. The holder of such a note is bound to present it for payment within a reasonable time, and if it be dishonored to give notice thereof to the indorser, otherwise the indorser is discharged from liability. Patterson v. Todd and Lemon, 18 Penn. State 426, 57 Am. Dec. 622, and many other cases there cited. In the case of Bassenhorst v. Wilby, 13 N. E. 75 (Ohio Supreme Court), it was expressly held that the insolvency of the maker or his inability to pay, though known to the indorser, did not fix his liability in the absence of notice as required by the negotiable instrument act. In the same case it was held that a promissory note, negotiable in form, though overdue, is still capable of being transferred by indorsement, and when so transferred the indorser is, in the absence of anything to the contrary, liable upon the indorsement, if in a reasonable time thereafter the note is presented to the maker for payment and notice of dishonor given in case it is not paid. A reasonable time in such case is the lapse of such a period after the indorsement as, under all the circumstances, will enable the holder, in the exercise of reasonable diligence, to present the note for payment, and if he does not act within such time the indorser is discharged. So it would seem to follow that even though the notes were indorsed and transferred by appellant, Baker, after having become overdue, yet he was entitled to demand and notice within a reasonable time after the indorsement was made and payment refused, and if the holders of the indorsed instruments failed to present them to the maker, Long, for payment and upon their dishonor, to give notice to Baker, the indorser, of such dishonor, the indorser was relieved from liability.

That part of the judgment of the lower court holding the appellant, Baker, liable as indorser upon the notes was erroneous and to that extent the judgment is reversed; in all other respects it is affirmed.

Judgment reversed in part and affirmed in part.